UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION PLAN TRUST; EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND; WESTERN WASHINGTON PAINTERS APPRENTICESHIP AND TRAINING TRUST; WESTERN WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND; INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES UNION; INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES PAINTERS DISTRICT COUNCIL NO. 5,

    Plaintiffs,

  v.

CAPITOL CITY ENTERPRISES, INC. a Washington corporation, JOHN B. YATES and JANE DOE YATES, husband and wife, and the marital community comprised thereof; PATRICK A. WEST and JANE DOE WEST, husband and wife, and the marital community comprised thereof; DENNIS L. MILLER and JANE DOE MILLER, husband and wife, and the marital community comprised thereof; JOSEPH T. POLLARI

CASE NO. C07-5190RJB

ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER OF DEFAULT

ORDER
Page 1

and JANE DOE POLLARI, husband and wife, and the marital community comprised thereof; MAURICE A. SCHOUVILLIER and JANE DOE SCHOUVILLIER, husband and wife, and the marital community comprised thereof,

Defendants.

This matter comes before the Court on the plaintiffs' Motion for Order of Default (Dkt. 9). The Court has considered the pleadings filed in support of the motion and the remainder of the file herein.

## I. BACKGROUND

According to the complaint, the plaintiffs are joint labor-management employee benefit trust funds ("Plaintiff Trust Funds") created pursuant to §302(c)(5) of the Labor-Management Relations Act, 29 U.S.C. §186(c)(5). Dkt. 2 at 2. The plaintiffs allege violations of a collective bargaining agreement, certain trust agreements, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*[1]

On May 17, 2007, counsel appeared on behalf of the defendants. Dkt. 7. On June 15, 2007, the plaintiff moved for entry of default. Dkt. 9.

## II. DISCUSSION

The entry of default is governed by Federal Rule 55, which provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Local Rule 55 also governs the entry of default:

Upon motion by a party noted in accordance with CR 7(d)(1) and supported by affidavit

---

[1] The complaint refers to "Exhibit A," which apparently contains portions of the collective bargaining agreement, the trust agreements, or both. The complaint is not accompanied by any exhibits, and "Exhibit A" does not appear to be part of the electronic file.

ORDER
Page 2

or otherwise, the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend. The affidavit shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4. A motion for entry of default need not be served on the defaulting party. However, in the case of a defaulting party who has entered an appearance, the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least five judicial days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default.

Local Rule CR 55(a). As explained more fully below, the Court should deny the motion for failure to comply with Local Rule CR 55(a).

First, the plaintiffs' motion is accompanied by an affidavit that does not "specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4." *See* Local Rule CR 55(a); Dkt. 9 at 3. As evidence that the defendants were properly served, the affidavit accompanying the motion refers to "Declarations of Service attached as Exhibit A." Dkt. 9 at 3. No exhibits are attached to the motion or to the affidavit. It appears that Defendant Capitol City Enterprises, Inc.'s registered agent was personally served on May 7, 2007. Dkt. 5 (Declaration of Service). It is unclear whether the remaining defendants were served in a manner authorized by Federal Rule 4. *See* Dkt. 8 at 2 (Declaration of Service providing that copies of the Summons and Complaint were mailed to the defendants' counsel on May 23, 2007); Dkt. 7 (Defendants' counsel's notice of appearance providing for service, not including original process, on counsel).

Second, the plaintiffs' motion does not include evidence that the allegedly defaulting party was provided written notice of the plaintiffs' intention to move for the entry of default at least five judicial days before the motion was filed. *See* Local Rule CR 55(a).

The plaintiffs having failed to demonstrate their compliance with Local Rule CR 55 (a), the Court should deny the motion without prejudice.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiffs' Motion for Order of Default (Dkt. 9) is **DENIED**

ORDER
Page 3

**without prejudice**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of June, 2007.

                                                            /s/ Robert J Bryan
                                                            Robert J Bryan
                                                            United States District Judge

ORDER
Page 4